RECEIVED

district court of the United States

12-CR-37JNE
(1)

12 FEB -3 PM 1: 13

**Notice & Cover Sheet:**

CLERK, U.S. DIST. COURT
  St. Paul, MN

The following True copies of what was given to us while under Duress before we could be released from Jail on the evening of January 5th, 2012.

Referring to Case File Number(s): **62-CR-12-79** and <u>62-CR-12-67</u>

**We left documents with Mary Kay, at the Clerk's Office St Paul Division on February 2, 2012 at approximately 4:45pm her phone number is: 651-848-1102**

**Also left with her document named:**
**NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C. 1446 AND FRCP RULE 11**

**Today we wish to include:**

**1.) Certified, NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C. 1446 AND FRCP RULE 11, filed with District Court on February 2nd, 2012, (62-CR-12-67 State case)**

**2.) Proof of Service for 62-CR-12-67**

**3.) Verified Answer To Complaint 62-CR-12-67**

**4.) Proof of Service 62-CR-12-67**

**5.) Verified Affidavit and Notice "Prejudicing of Rights" 62-CR-12-67**

**We have requesting to have both case moved here and merged together into one case.**

**All rights reserved without prejudice, without recourse**

Seal By: _[signature]_
By, :Thomas-Wayne: Eilertson: of the Family of: Eilertson

Seal By: _[signature]_
By, :Lisa-Joan Connery: of the Family of: Eilertson

**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

12-CR -37 JNE

SCANNED

FEB 06 2012

U.S. DISTRICT COURT ST. PAUL

FILED

2012 FEB -3  AM 10: 45

RAMSEY DISTRICT COURT

RE: SECOND JUDICIAL DISTRICT

Court File Number: 62-CR-12-67

<u>COVER SHEET NOTICE</u>

February 3, 2012

To: Ramsey County Court Records
15  West Kellogg Blvd
St Paul, Minnesota

FOR: Presumed Defendant, Pro se (at this time)

(Per Order dated: January 19, 2012)

:Thomas-Wayne: Eilertson.

Please Enter and Certify the following attached documents into:

Court File Number: 62-CR-12-67

Document(s) Named:

1.) Affidavit of Service, By: Certified Mail

   NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C.1446
   AND FRCP RULE 11

**All rights reserved without prejudice, without recourse**

**Equality under the Law is Paramount and Mandatory**

Seal By: _____

By, :Thomas-Wayne: of the Family of Eilertson

**All rights reserved without prejudice, without recourse**
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

KAREN M. MARECK, District Court Administrator, Ramsey County, State of Minnesota, does hereby certify that the attached instrument is a true and correct copy of the original on file and of record in my office.

Dated this ___ day of ___ 20 ___

KAREN M. MARECK, District Court Administrator

By _____ Deputy

FILED

2012 FEB -3 AM 10: 15

RAMSEY DISTRICT

State of Minnesota

County Ramsey

☐ In Re the Marriage of-

|  | District Court |
| --- | --- |
| Judicial District: | Second |
| Court File Number: | 62-CR-12-67 |
| Case Type: | Criminal |

STATE OF MINNESOTA
Plaintiff / Petitioner

vs / and

☐ **Affidavit of Personal Service**
☒ **Affidavit of Service By Mail**

:Thomas-Wayne: Eilertson
Defendant / Respondent

Pro se (at this time)
Intervenor

STATE OF MINNESOTA        )
COUNTY OF Hennepin____ ) SS
           (County where Affidavit Signed)

I, __Kimberly Ann Phillips_____, being duly sworn, upon oath, state that on
       (Name of person who hand-delivered or mailed documents)
__February 3rd, 2012__, I served the attached documents, namely NOTICE OF REMOVAL
(Date)                                                (Title of Documents hand delivered or mailed)
upon (check one):                                     TO FEDERAL COURT

◯  Plaintiff / Petitioner  (Name) _____

◯  Defendant / Respondent (Name) _____

⦿  County Attorney's Office (Name) John Choi and John Ristad, Ramsey County Attorney's,

◯  Other (Name) _____

by (check method of service used):

☐  Personally handing a true and correct copy of the document(s) to the person(s) named above at _____ o'clock
   ____.m. at _____.
   (a.m. or p.m.)        (Address where documents delivered)

☑  Mailing a true and correct copy of the document(s) to the person(s) named above by placing the document(s) in
   an envelope with sufficient postage in the United States mail at the Post Office located in the City of _____
   Osseo_____, State of Minnesota_____, at the person's last known address of:
   50 West Kellogg Blvd #315, St Paul, Minnesota 55102 , Ramsey County
   CERTIFIED MAIL: 7011 1570 0002 2629 5392

Dated: __2/3/12_____

Subscribed and sworn to before me this

__3__ day of __Feb__, 20__12__

_____
Notary Public/ Deputy Court Administrator

Signature ( Sign only in presence of Notary or Court Deputy)

Print Name:  Kimberly Ann Phillips____

Address:  1651-113th Ave No West #314

City/State/Zip:  Coon Rapids, MN 55433

Telephone: 612-747-0245___

CHARLENE R. DIXON
NOTARY PUBLIC
MINNESOTA
MY COMMISSION EXPIRES JAN 31, 2016

:Thomas-Wayne: Eilertson.
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]


February 2, 2012


State of Minnesota
John J Choi, County Attorney and John Ristad, Assistant County Attorney
Ramsey County Attorney's Office
50 West Kellogg Blvd., #315,
St Paul, Minnesota  55102

Court File Number: 62-CR-12-67
Prosecutor File No: 2108472


Dear Mr. John J. Choi and / or Mr. John Ristad:

Please find enclosed and served upon you through U.S. Postal Service
Certified Mail: 7011 1570 0002 2629 5392

Enclosed to you Copy of: NOTICE TO REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. 1446 AND FRCP RULE11

Please take NOTICE that:

(a.) To the best of my knowledge, information and belief, the information in the
documents are well grounded in fact and is warranted by existing law.

(b.) I have not been determined by any court in any State to be a frivolous litigant or
subject to an order precluding me from serving and filing this document to you or the
Court.

(c.) I am not serving or filing this document for any improper purpose, such as to harass
any other party or to cause delay or needless increase in the cost of litigation or to
commit a fraud on the Court.

Pursuant to (28 U.S.C. 1746 (1)): I declare under penalty of perjury under the laws of the
united States of America that the foregoing is true, complete and correct. (without U.S.)

In Peace, Thank you,

All rights reserved without prejudice and without recourse

Seal By: _____

:Thomas-Wayne: of the family of Eilertson

Pro Se (at this time)

C/o 7108 Georgia Avenue North

Brooklyn Park Minnesota [55428]

763-561-0621

P.S. If you have and questions or concerns, Please feel free to call me directly 763-561-0621. Thank you for you time in resolving this matter in honor.

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

Court file number: 62-CR-12-67

STATE OF MINNESOTA
Fictitious plaintiff
vs.

Thomas Wayne Eilertson
Presumed Defendant

**NOTICE OF REMOVAL
TO FEDERAL COURT
PURSUANT TO 28 U.S.C.
1446 AND FRCP RULE 11**

## NOTICE OF REMOVAL

TITLE 28 > PART IV > CHAPTER 89 > § 1446

§ 1446. PROCEDURE FOR REMOVAL

(a) A defendant or defendants desiring to remove any civil action or criminal

prosecution from a State court shall file in the district court of the United States for the

district and division within which such action is pending a notice of removal signed

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and

plain statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served upon such defendant or defendants in such action.

This document shall NOTICE all interested parties including Ramsey County

Second Judicial District and STATE OF MINNESOTA of the removal of State Court

case number 62-CR-12-67 to the district court of the United States in the Minnesota

(Third) district of Saint Paul, Minnesota and merged into one case to prevent redundancy

Page 1 of 4

(cases stem from identical issues). It is being done in the time allotted (30) days, as I was handed the un-original, unsigned, unverified complaint on the mid-afternoon of January 5, 2012, but not released from county jail until 7:30 p.m., making January 6 the beginning of the thirty days based on exclusivity of the day of receipt.

**Statement of Grounds for Removal:**   The grounds stated for removal are based on Federal Question and Constitutional (1st,4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th) Amendments, dispute of title, in addition to Banks and Banking Regulations stated in Title 12 U.S.C. 95 and 12 U.S.C. 95 (a), non-payment of public debt and tax fraud in relation to a fraudulent foreclosure action.

The grounds also include civil rights violations per act of Congress that the state courts refuse to follow, or hold as required by their constitutional position and as a public office, negligence and official oppression created by those who hold public office in violation of the state of emergency clause of public law 1, 48 stat. 1 and as found in title 12 U.S.C. 95 (b).

Thomas Wayne, acting as a whistleblower, made efforts to report tax fraud and embezzlement to state officials and to the state court, only to find himself being punished for acting as a whistleblower and reporting issues on public debt not being paid by the banking institutions, their associates, assigns or affiliates.

Thomas Wayne has been forced by the state court to move this to the district court of the United States under title 28 U.S.C. 1446 and to be merged with his wifes'(Lisa Joan) case, (based on identical issues stemming from unlawful foreclosure action) in order to obtain vindication and remedy by the federal court to which the state court denies such vindication or remedy.

CC: STATE OF MINNESOTA,

    By: Ramsey County Attorneys Office

    John Choi, County Attorney and John Ristad, Assistant County Attorney

    50 West Kellogg Blvd., #315, St. Paul, Minnesota 55102

    [Reference to Case file Number: CR-62-12-67]

PROOF OF SERVICE BY CERTIFIED MAIL

NOW, COMES, Thomas-Wayne; Eilertson, Petitioner with this **VERIFIED NOTICE**

**OF REMOVAL TO FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C.**

**1446 AND FRCP RULE 11** before the Clerk of Court of Ramsey County District Court

on this day _____2 nd_____ and month of _____February_____ in the Year

of Our Lord, 2012, AD.

**All rights reserved without prejudice, without recourse**

Sil By: _Thomas Wayne Eilert_

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

Thomas Wayne places this prayer in, and to have this case heard and have his

rights protected by the federal court.


**All rights reserved without prejudice, without recourse**

Seal By: _Thomas-Wayne: Eilert_

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

State of Minnesota      )
County of Hennepin    )
On this, the ___2 n.d___ day of February, before me _Julie T. Sander_ a
Notary Public, personally appeared Thomas-Wayne: of the family of: Eilertson,
who proved to me on the basis of satisfactory evidence to be the man herein
stated, subscribed to the within instrument and acknowledged before me that he
executed said instrument as his freewill act and deed.

I certify under penalty of perjury, under the laws of the State of Minnesota that
the foregoing is true and correct.

WITNESS my hand and Official Seal


_Julie T. Sander_                                        SEAL

Notary
_1/31/16_

My commission expires

JULIE TERESA SANDER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/16


This document drafted by:
Thomas-Wayne, family of :Eilertson
c/o 7108 Georgia Avenue North
Brooklyn Park Minnesota [55428]


Page 4 of 4

FILED

State of Minnesota

County of Ramsey

2012 FEB -2 . PM 3: 43

SECOND JUDICIAL DISTRICT

Court File Number: 62-CR-12-67

COVER SHEET

February 2, 2012

To: Ramsey County Court Records
15  West Kellogg Blvd
St Paul, Minnesota

FOR: and Ref: Presumed Defendant, Pro se (at this time)

:Thomas-Wayne: Eilertson.

Please Enter and certify the following attached documents into:

Court File Number: 62-CR-12-67

Document(s) Named:

1.) Verified Affidavit and Notice

**All rights reserved without prejudice, without recourse**

**Equality under the Law is Paramount and Mandatory**

By: _____

By, :Thomas-Wayne: of the Family of Eilertson

**All rights reserved without prejudice, without recourse**

C/o 7108 Georgia Avenue North

Brooklyn Park, Minnesota [55428]

763-561-0621

KAREN M. MARECK, District Court Administrator, Ramsey County, State of Minnesota, does hereby certify that the attached instrument is a true and correct copy of the original on file and of record in my office.

Dated this _3rd_ day of _Feb_ 20 _12_

KAREN M. MARECK, District Court Administrator

By_____ Deputy

FILED

2012 FEB -2  PM 3: 43

RAMSEY DISTRICT COURT

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                            SECOND JUDICIAL DISTRICT
                                            Court file number: 62-CR-12-67

STATE OF MINNESOTA
Plaintiff                                        **VERIFIED AFFIDAVIT**
                                                     **AND NOTICE**

vs.

Thomas Wayne Eilertson
Presumed Defendant
Pro Se (at this time) (Per Order dated January 19, 2012)


## **VERIFIED AFFIDAVIT**

## **NOTICE:**

This verified Affidavit is also a Notice to the State Court of the prejudicing of rights
to counsel by the Public Defenders' Office, specifically Patrick Kittridge, Chief Public
Defender and a breach of Trust by Public Trustee against :Thomas-Wayne of the family
of: Eilertson. On the morning of January 27, 2012, at 7:57AM from MN Government
651-757-1662, a call was made to us at 763-561-0621 and a message was left on voice
recorder by Mr. Kittridge to call him. A return call was made to him by us, at
approximately 8:15AM with speaker phone on so that we could all hear the conversation
and speak to Mr. Kittridge. For the record, Leola May Connery was also in the room. Mr
Kittridge was very upset that we sent an answer to said complaint to the County Attorney
and recorded an answer into the court record, with respect to cases filed against us. This
seemed to make Mr. Kittridge very upset. In a very angry tone Mr. Kittridge stated "If
there is a price to be paid here, you two will pay it!" Referring, of course, to both parties
about both cases: 62-CR-12-67and 62-CR-12-79. It is my understanding that this

Page 1 of 3

statement overwhelmingly prejudices my right to a fair proceeding, and my right to counsel. In several instances, he claimed to be my wife Lisa's lawyer, then not. Then he claimed to be our lawyer, then he couldn't talk to us, then he was not really able to talk substantively about either case. Given his position on the Board of Project Remand and the Chief Public Defender (Trustee), I would think a man of his supposed experience would conduct himself with a little more decorum, instead of making what I would consider "backroom threats".

Pursuant to (28 U.S.C. 1746 (1) without U.S.)): I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, complete and correct.

**All rights reserved without prejudice, and without recourse**

By: _Thomas-Wayne Eilertson_

By: Thomas-Wayne of the family of Eilertson
All rights reserved explicitly without prejudice, without recourse
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763 561-0621

### VERIFIED AFFIDAVIT

1.) I, :Thomas-Wayne:, state for the record that I have no record or evidence that I have not acted in honor with respect to this matter, even though I have been placed under duress and coerced in all dealings to this point and have been subjected to the violence of jail;

2.) I, :Thomas-Wayne: Eilertson, state for the record that Mr. Patrick Kittridge has claimed to be my/our "representation" and "counsel" on several occasions but, given his actions, comments and his other position(s) on the Board of Directors of Project Remand and Chief Public Defender, Second Judicial District this all seems to indicate a conflict of interest and an intentional eroding of my rights;

3.) I, :Thomas-Wayne: Eilertson, state for the record that Mr. Patrick Kittridge did intentionally threaten my future safety by stating "If there is a price to be paid here, you two (my husband Thomas Wayne also) will pay it!"

4.) I, :Thomas-Wayne: Eilertson, state for the record that I have no evidence that if the STATE OF MINNESOTA intends to prosecute and then also defend in this case under an

as yet stated jurisdiction, that it is not a glaring conflict of interest, as I have not agreed that I am a U.S. citizen under Title 50 U.S.C. 3 sec. 23; [suitable for an Article III court or a court of inquiry to hear];

5.) I, :Thomas-Wayne: Eilertson, state for the record that I have no evidence that I have been presented with an original signed, verified summons or complaint under penalty of perjury or under any man or woman's full commercial liability;

**All rights reserved without prejudice, without recourse**

By: _Glenn -Wayne: Eilet_

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

State of Minnesota )

County of Hennepin )

On this, the ___2nd___ day of February, before me _Charlene R. Dixon_ a Notary Public, personally appeared :Thomas-Wayne: of the family of Eilertson, who proved to me on the basis of satisfactory evidence to be the man herein stated, subscribed to the within instrument and acknowledged before me that he executed said instrument as his freewill act and deed.

I certify under penalty of perjury, under the laws of the State of Minnesota that the foregoing is true and correct.

WITNESS my hand and Official Seal

_Charlene R. Dixon_

Notary

_1-31-2015_

My commission expires

CHARLENE R. DIXON
NOTARY PUBLIC
MINNESOTA
MY COMMISSION EXPIRES JAN. 31, 2015

This document drafted by:
Thomas-Wayne, family of Eilertson
c/o 7108 Georgia Avenue North
Brooklyn Park Minnesota [55428]

FILED

2012 FEB -2 PM 3: 47

RAMSEY DISTRICT COURT

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

Court file number: 62-CR-12-67

STATE OF MINNESOTA
Fictitious plaintiff
vs.

Thomas Wayne Eilertson
Presumed Defendant

**NOTICE OF REMOVAL
TO FEDERAL COURT
PURSUANT TO 28 U.S.C.
1446 AND FRCP RULE 11**

### NOTICE OF REMOVAL

TITLE 28 > PART IV > CHAPTER 89 > § 1446

§ 1446. PROCEDURE FOR REMOVAL

(a) A defendant or defendants desiring to remove any civil action or criminal

prosecution from a State court shall file in the district court of the United States for the

district and division within which such action is pending a notice of removal signed

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and

plain statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served upon such defendant or defendants in such action.

This document shall NOTICE all interested parties including Ramsey County

Second Judicial District and STATE OF MINNESOTA of the removal of State Court

case number 62-CR-12-67 to the district court of the United States in the Minnesota

(Third) district of Saint Paul, Minnesota and merged into one case to prevent redundancy

62 – CR – 12 – 79
NOT
Notice – Other
172389

KAREN M. MARECK, District Court Administrator,
Ramsey County, State of Minnesota, does hereby
certify that the attached instrument is a true
and correct copy of the original on file and
of record in my office.

Dated this _3rd_ day of _Feb_ 20 _12_

KAREN M. MARECK, District Court Administrator

By _____ Deputy

(cases stem from identical issues). It is being done in the time allotted (30) days, as I was handed the un-original, unsigned, unverified complaint on the mid-afternoon of January 5, 2012, but not released from county jail until 7:30 p.m., making January 6 the beginning of the thirty days based on exclusivity of the day of receipt.

**Statement of Grounds for Removal:**   The grounds stated for removal are based on Federal Question and Constitutional (1st,4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th) Amendments, dispute of title, in addition to Banks and Banking Regulations stated in Title 12 U.S.C. 95 and 12 U.S.C. 95 (a), non-payment of public debt and tax fraud in relation to a fraudulent foreclosure action.

The grounds also include civil rights violations per act of Congress that the state courts refuse to follow, or hold as required by their constitutional position and as a public office, negligence and official oppression created by those who hold public office in violation of the state of emergency clause of public law 1, 48 stat. 1 and as found in title 12 U.S.C. 95 (b).

Thomas Wayne, acting as a whistleblower, made efforts to report tax fraud and embezzlement to state officials and to the state court, only to find himself being punished for acting as a whistleblower and reporting issues on public debt not being paid by the banking institutions, their associates, assigns or affiliates.

Thomas Wayne has been forced by the state court to move this to the district court of the United States under title 28 U.S.C. 1446 and to be merged with his wifes'(Lisa Joan) case, (based on identical issues stemming from unlawful foreclosure action) in order to obtain vindication and remedy by the federal court to which the state court denies such vindication or remedy.

CC: STATE OF MINNESOTA,

    By: Ramsey County Attorneys Office

    John Choi, County Attorney and John Ristad, Assistant County Attorney

    50 West Kellogg Blvd., #315, St. Paul, Minnesota 55102

    [Reference to Case file Number: CV-62-12-67]

PROOF OF SERVICE BY CERTIFIED MAIL

NOW, COMES, Thomas-Wayne; Eilertson, Petitioner with this **VERIFIED NOTICE**

**OF REMOVAL TO FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C.**

**1446 AND FRCP RULE 11** before the Clerk of Court of Ramsey County District Court

on this day ___2 nd___ and month of ___February___ in the Year

of Our Lord, 2012, AD.

**All rights reserved without prejudice, without recourse**

Seal By: *[signature]*

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

Thomas Wayne places this prayer in, and to have this case heard and have his rights protected by the federal court.

**All rights reserved without prejudice, without recourse**

Seal By: _Thum - Whyne : Eelut_

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
c/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

State of Minnesota    )

County of Hennepin    )

On this, the ___2nd___ day of February, before me __Julie T. Sander__ a Notary Public, personally appeared Thomas-Wayne: of the family of: Eilertson, who proved to me on the basis of satisfactory evidence to be the man herein stated, subscribed to the within instrument and acknowledged before me that he executed said instrument as his freewill act and deed.

I certify under penalty of perjury, under the laws of the State of Minnesota that the foregoing is true and correct.

WITNESS my hand and Official Seal

_Julie T. Sander_

Notary

_1/31/16_

My commission expires

SEAL

JULIE TERESA SANDER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/16

This document drafted by:
Thomas-Wayne, family of :Eilertson
c/o 7108 Georgia Avenue North
Brooklyn Park Minnesota [55428]

Page 4 of 4

State of Minnesota

County of Ramsey

SECOND JUDICIAL DISTRICT

Court File Number: 62-CR-12-67

FILED

2012 FEB -2 PH 3: 41

RAMSEY DISTRICT COURT

## COVER SHEET & NOTICE

February 2, 2012

To: Ramsey County Court Records
15  West Kellogg Blvd
St Paul, Minnesota

FOR: and Ref: Presumed Defendant, Pro se (at this time)

:Thomas-Wayne: Eilertson.

Please Enter and certify the following attached documents into:

Court File Number: 62-CR-12-67

Document(s) Named:

1.) **Affidavit of Service with Notice,**

**NOTICE:** This is being filed today to update and clarify the Affidavit of Service entered into case file on: January 25, 2012 for the record as it seems some confusion may have happened when filing and the copy of main document was not filed directly with Affidavit of Service as intended.  This Affidavit of Service and Notice, with true, complete copies of the documents served is to be filed to remove any possible questions about the entire main document served now or in the future.

Mailed to: Ramsey County Attorney Office and County Attorney's John Choi and John Ristad, Main Document named: VERIFIED ANSWER TO COMPLAINT, NOTICE OF ERROR PURSUANT TO FRCP 12 (b)(6) AND MN RULES OF CRIMINAL PROCEDURE RULE 18.06 REQUIRING DISMISSAL.

Verified Acceptance of this service on: January 26, 2012 has also been included to Notice all parties of timely response.

**All rights reserved without prejudice, without recourse**

**Equality under the Law is Paramount and Mandatory**

Seal  By: _____

By, :Thomas-Wayne: of the Family of Eilertson
**All rights reserved without prejudice, without recourse**
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

KAREN M. MARECK, District Court Administrator,
Ramsey County, State of Minnesota, does hereby
certify that the attached instrument is a true
and correct copy of the original on file and
of record in my office.

Dated this 3rd day of Feb 20 12
KAREN M. MARECK, District Court Administrator

By _____ Deputy

FILED

2012 FEB -2 PM 3: 41

| | |
|---|---|
| STATE OF MINNESOTA) | Judicial District Second |
| )SS. | RAMSEY DISTRICT COURTCourt File: 62-CR-12-67 |
| COUNT OF RAMSEY   ) | [Case Type: Criminal] |

## Affidavit of Service By: Certified Priority Mail
### Tracking Number: **7011 1570 0002 2629 5385**
### and Verified Acceptance of Service with NOTICE

STATE OF MINNESOTA
Plaintiff / Petitioner

vs / and

:Thomas-Wayne: Eilertson.,
Defendant / Respondent
Pro se (at this time Per Order: 1-19-2012)


State of Minnesota  )
County of Hennepin)ss


I, Kimberly Ann Phillips, being duly sworn, upon oath, state that on January 25th, 2012,

at 12:13:36 PM, by Priority, Certified Mail Tracking number: **7011 1570 0002 2629**

**5385,** personally deposited with United States Postal Service. Mailing a true and correct

copy of the attached and listed document(s) to the person(s) named herein: John J Choi,

County Attorney and John Ristad, Assistant County, Ramsey County Attorney's Office

by placing the document(s) in an envelope with sufficient postage in the United States

mail at the Post Office located in the City of Osseo, State of Minnesota, to the Person(s)

last known address of: 50 West Kellogg Blvd., #315, Saint Paul, Minnesota 55102-1553.


1.) Copy of Signed copy: **VERIFIED ANSWER TO COMPLAINT, NOTICE OF
    ERROR PURSUANT TO FRCP 12 (b)(6) AND MN RILES OF CRIMINAL
    PROCEDURE RULE 18:06 REQUIRING DISMISSAL.**
    **With the Attached Exhibits:**
    **A.** Pro Se Sheet, **B.** Jurisdictional Challenge and Constructive Notice Document
    Number: 722959, **C.** Hale v Henkel, **D.** Copies of Applicable Minnesota Statutes;

2.) Original Signed Letter Addressed to: John J Choi, County Attorney and John Ristad,

Assistant County Attorney, Ramsey County Attorney's Office  (Two pages)

**Notice:** this Affidavit of Service is to provide verified proof of service and the acceptance of all of the documents I did in fact Mail to the person(s) herein on January 25, 2012

Attached you shall also find:
**1.)** Proof of and payment by me for the postage service
**2.)** Certified Mail Receipt: <u>7011 1570 0002 2629 5385,</u>
**3.)** Tracking results and copy of true signed green card signed for by: Authorized Agent, **Angela Hershberger** who did on **January 26, 2012 at 10:43AM** sign for and accept service from United States Postal Service Courier for: John Choi, County Attorney and John Ristad, Assistant County Attorney, at the Ramsey County Attorney's Office, 50 West Kellogg Blvd., #315, Saint Paul, Minnesota 55102-1553.

I certify under penalty of perjury, under the laws of the State of Minnesota that the foregoing is true and correct.

By: *Kimberly Ann Phillips*

By, Kimberly Ann Phillips
1651 - 113th Avenue North West #310
Coon Rapids, Minnesota 55433
612-747-0245

State of Minnesota    )

County of Hennepin    )

On this, the 3 day of ~~January,~~ *February* before me *Charlene R. Dixon* ~~Kimberly A. Phillips~~ a Notary Public, personally appeared Kimberly Ann Phillips, who proved to me on the basis of satisfactory evidence to be the woman herein stated subscribed to the within instrument and acknowledged before me that she executed said instrument as her freewill act and deed.

WITNESS my hand and Official Seal

*Charlene R. Dixon*

Notary

_J-31-2015_

My commission expires

CHARLENE R. DIXON
NOTARY PUBLIC
MINNESOTA
COMMISSION EXPIRES JAN. 31, 2015

:Thomas-Wayne: Eilertson.
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]

January 14, 2012

John J Choi, County Attorney and John Ristad, Assistant County Attorney
Ramsey County Attorney's Office
50 West Kellogg Blvd., #315,
St Paul, Minnesota 55102

RE:  VERIFIED ANSWER TO COMPLAINT
Court File Number: 62-CR-12-67
Prosecutor File No: 2108472

Dear Mr. John J. Choi and / or Mr. John Ristad:

Please find enclosed and served upon you:

Copy of: VERIFIED ANSWER TO COMPLAINT, NOTICE OF ERROR PURSUANT
TO FRCP 12 (b)(6) AND MN RULES OF CRIMINAL PROCEDURE RULE 18.06
REQUIRING DISMISSAL.

At the Omnibus Hearing held on January 19, 2012 at 1:15pm, Courtroom 102 at the
Ramsey County Law Enforcement Center an Order was issued by: Honorable TBA,
stating Defendant Attorney: Pro Se (at this time) I am sending you an answer to the
complaint filed within the time allotted so as not to default Administratively.

Since I have no record of a signed contract with any counsel at this time, I hope we
can settle this matter in good faith. I do not know the intent of the Public Defenders
Office, as I have nothing signed and in writing from them. I am therefore answering to
the unsigned, unverified complaint that was given to me under Duress on January 5,
2012. Furthermore, I am not waiving any of my rights to attain competent counsel
besides myself if this matter cannot be resolved with you in honor.

Please take NOTICE that:

(a.) To the best of my knowledge, information and belief the information in the
documents are well grounded in fact and is warranted by existing law.

(b.) I have not been determined by any court in any State to be a frivolous litigant or subject to an order precluding me from serving and filing this document to you or the Court.

(c.) I am not serving or filing this document for any improper purpose, such as to harass any other party or to cause delay or needless increase in the cost of litigation or to commit a fraud on the Court.

Pursuant to (28 U.S.C. 1746 (1)): I declare under penalty of perjury under the laws of the united States of America that the foregoing is true, complete and correct. (without U.S.)

In peace, Thank you,

All rights reserved without prejudice and without recourse

By: _____

:Thomas-Wayne; of the family of Eilertson
C/o 7108 Georgia Avenue North
Brooklyn Park Minnesota [55428]
763-561-0621

P.S. If you have and questions or concerns, Please feel free to call me directly 763-561-0621. Thank you for you time in resolving this matter in honor.

2012 FEB -2 PM 3: 42

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Court File Number: 62-CR-12-67 |

STATE OF MINNESOTA

Plaintiff

vs.

Thomas Wayne Eilertson

Presumed Defendant

Pro se (at this time)

(Per Order dated: January 19-2012)

**VERIFIED ANSWER TO**

**COMPLAINT**

**NOTICE OF ERROR**

**PURSUANT TO FRCP 12 (b)(6)**

**AND MN RULES OF CRIMINAL**

**PROCEDURE RULE 18.06**

**REQUIRING DISMISSAL**

## NOTICE

### Equality under the law is Paramount and Mandatory

(Minnesota Rules of Civil Procedure "There shall be one form of action to be known as "civil action".) (Any and all criminal actions must be commenced under Title 50 U.S.C. 23 section 3, alien enemies)

I, :Thomas-Wayne: Eilertson, the above presumed Defendant, declares that I am over the age of eighteen, fully competent and able to make the following verified answer with respect to case number 62-CR-12-67 **without a waiver of rights to answer** or defenses that may indicate an implied waiver and implied consent that may have been acquired under duress. I make the following answer in good faith, with clean hands, and with no intent to mislead.

This matter began in 2009 when a blatantly unlawful foreclosure proceeding was initiated against me, :Thomas-Wayne: and my wife :Lisa-Joan of the Family of :Eilertson, as presumed debtor(s) to an account that was already settled and closed. All requisite proofs exist in the public record, (including but not limited to all servicing

KAREN M. MARECK, District Court Administrator,
Ramsey County, State of Minnesota, does hereby
certify that the attached instrument is a true
and correct copy of the original on file and
of record in my office.

Dated this __3rd__ day of __Feb__ 20 __12__

KAREN M. MARECK, District Court Administrator

By __David Mern__ Deputy

documents detailing intent to securitize) and associated cases exist on court dockets all over America. It is no secret that Minnesota is a NON-JUDICIAL foreclosure state, due to the power of sale clauses in the so-called "mortgages", so anyone claiming to be acting judicially in this matter, or performing a judicial function is completely unfounded, due to its' strictly commercial and administrative nature. (See John Nelson Senate Report 93-549) and (Title 12 U.S.C. 95(a)).

**FAILURE TO STATE JURISDICTION:** Because the court has failed to state the proper jurisdiction, (Administrative?) it is now challenged for want thereof. This court is defined under FRCP Rule 4(j) as a FOREIGN STATE as delineated in 28 U.S.C. 1602-1611, and full disclosure of the true jurisdiction of this Court is now being demanded. Any failure to disclose the true jurisdiction is a violation of  **15 Statutes at Large, Chapter 249 (section 1).**

**CONSTITUTIONAL ISSUES:**  Most notably the 11th Amendment that clearly states: "The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted by a Foreign State." If this FOREIGN STATE is misusing the name of this American by placing it in all CAPS or misusing the surname or using the term "person" as a corporation, all complaints and suit against such corporation fall under the FSIA and the DEPARTMENT OF STATE OFFICES in Washington DC, which now must be notified pursuant to 22 CFR 93.1-93.2. A copy of the FSIA has to be filed with the complaint to the defendant's Chief Executive Officer of that CORPORATION. I reject any presumption of me as a corporation, it is in the record to the contrary ad nauseum, refuting MN Rule 14.02 Sub (3) if presumption thereby be offered.

Because the Defendant is a non-corporate entity and is not registered with any of the Secretaries of State as a Corporation, (or a "resident". Definition of terms: res – or "thing" –ident or "identification".) the Prosecution has **FAILED** to state a claim upon which relief can be granted under FRCP, MRCP 12 (b) (6). MN Rules of Criminal Procedure, Rule 18.06 Finding and return of Indictment, "Charges filed against the defendant for offenses on which no indictment was issued **must be dismissed.**"

**FOURTH AMENDMENT**: The Saint Paul Police Department, a private for profit corporation, effected an unlawful, illegal raid on the House noted in the complaint, given a blanket license to steal by famed "Signing Judge" Patricia L. Belois (now retired) without a sworn, verified affidavit as detailed in document number 714760, as an estoppel to which judge Patricia L. Belois and Sergeant Daniel "Dan" Anderson agree (MN 336.2-206 (1)(a)), (Now subject to the exclusionary rule, see case law below.) On January 4, this action again was repeated by the Saint Paul Police, acting without a warrant, failing to identify themselves or state the nature of the charge. The accompanying officers even put tape over their badge numbers to conceal their identity as they breached the peace and entered the home of elderly former Hospice patient Leola Connery to kidnap Thomas-Wayne: and Lisa-Joan: in front of their 10-year old daughter.

**FIFTH AMENDMENT:** Use of said stolen property against me when in fact Daniel Anderson, acting without judicial or executive authority, or a sworn oath on file has not firsthand knowledge to file any complaint for any agency including STATE OF MINNESOTA. Daniel Anderson does not understand color of law violations under (Title 18 U.S.C. 241), because he blew through a verified, certified door notice document laying out procedures to search the house and anyone therein on June 18, 2010.

**NO GRAND JURY INDICTMENT:**   **(Fifth Amendment)** "No one shall be held for a capital or otherwise infamous crime without indictment" by a Grand Jury. See MN Rules of Criminal Procedure Rule 14.02 Sub (3).

**NO VERIFIED PROOF OF A CRIME COMMITTED: In verified affidavit of truth documents duly and properly recorded regarding the contracts (MN 336.2-206 (1)(a)), which give rise to the financing statements in question, the Waiver of Tort clause clearly states (often times following an acceptance of Oath and Bond of Office) "Definition of terms:" Waiver of Tort: The election by an injured party, for purposes of redress, to treat the facts as establishing an implied contract, which he may enforce, instead of an injury by fraud or wrong, for the committing of which he may demand damages, compensatory or exemplary". (Blacks Law Dictionary 5[th] Ed., Page 1418), (MN Statutes 336.2-206 (1)(a)), Offer and acceptance in formation of contract.)**

These documents have a State seal on them (Notary) and a county seal on them (Recorder or Deputy so authorized). The amounts are relatively small, however due to breaches, they may "add up" in the accounting. This documentation was stolen by Daniel Anderson of the St. Paul Police Department. I sign all my documents (unless under duress and/or coercion) under my full liability, I have yet to see a signed, verified document, be it a complaint or otherwise, from STATE OF MINNESOTA or RAMSEY COUNTY or their actors and agents with respect to this matter.

### WITH RESPECT TO COUNTS 1-47

1.) Pursuant to Minnesota Statutes 609.7475.2 (1)(i)(B) "filed pursuant to section 336.9-502(d)" which states "Filing before security agreement or attachment. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches." See number 2 below regarding repeal and amendment. Sub 2 (A) therefore, all are/were related to a valid security agreement pursuant to the Waiver of Tort, [maritime in nature].

2.) 336.9-502 (a) Sufficiency of financing statement. ( repealed and amendment 2011 (2) new language CHAPTER 31 – S.F. No. 194, Article 1 Amendments to Article 9, however, stated regulation was UNCHANGED). Subject to subsection (b), a financing statement is sufficient only if it: (1) provides the name of the debtor; (2) provides the name of the secured party or a representative of the secured party and; (3) indicates the collateral covered by the financing statement. (Waiver of Tort (MN Statutes 336.2-206 (1)(a)) Offer and acceptance in formation of contract, MN Statutes 336.2-201 (3)) says among other collateral, all real property, with respect to a filing to Real Property in Ramsey County, absolving any wrongdoing in Statute 508.80).

3.) The above statements absolve me from any wrongdoing, real or presumptive, as General Manager for a private entity by contract, my duties were to protect the interests of The Private Organization, Blessings of Liberty (a Private Contract Trust) after granting to it certain rights by private contract. The Private

Organization, Blessings of Liberty (a Private Contract Trust) was put in place to operate in commerce under the law maxim Disparata Non-Debent Jungi, or "Dissimilar things ought not be joined," as well as Supreme Court case Hale vs. Henkel. It was never put in place for untoward means, merely protection of property and assets. "A corporation claiming a security interest in a corporation." Orders to remove financing statements were fraught with 20 day Notice violations, the court failed to prove jurisdiction over a private entity, and moved forward for judgment before the mandatory notice period expired and used repealed statutes to do so. See (MN Statutes 542.16) with respect to Notice of Judicial Assignment, and (MRCP 63.03) with respect to Notice of removal of judicial Officer.

4.) Please find certified copy of document known as Jurisdictional Challenge and Constructive Notice Document Number 722959, which in detail explains thoroughly the position of The Private Organization, Blessings of Liberty, (a Private Contract Trust) who has committed no crime, nor have I or my wife :Lisa-Joan:, which absolves us from Statute 609.05.1, as well as 609.7475.2(1)(i)(A), and 609.7475.2(2), 609.7475.3(b)(1).

5.) The State has not proved jurisdiction, has not procured my agreement to prosecution, implied or otherwise, I still have not been read my rights with my verbal or written agreement and I have yet to allow for my verbal understanding nor properly arraigned as information was filled out on papers without my approval or consent. The purported victims are and were acting in their corporate capacity, and strictly non-judicial pursuant to the mortgage foreclosure rules of this State and in violation of the Fair Debt Collection Practices Act.

## NOTICE

It has been our intent to notify all applicable State and County Offices of an intentional, massive plan to evade taxes, commit tax fraud, (Information received from a 424B5 prospectus) and refusal to pay what could now be characterized as a MOUNTAIN of recording fees, summarily stealing and committing fraud against the people of Hennepin County. Who is responsible to pay this public debt? Our

complaints fell on deaf ears and background laughter. The State is claiming intent to harass? Our rights were violated, and property stolen by the same people who claim to protect us. All we wanted were answers to issues of criminal activity performed against us (Misprision of Felony with active concealment, Title 18 U.S.C. 4) before our home was stolen, our family turned to gypsies and our reputations destroyed.

If I am innocent until proven guilty, Why on earth did an article appear in the morning edition (January 5) of the St. Paul Pioneer Press convicting us in the court of public opinion BEFORE either of us could see the complaint or the nature of the charges against us? Why? We demand an answer to that question. Is that how the State gets its' convictions? This is fairly sleazy and a blatant violation of several of my (our) rights. Who is harassing who? The State of Minnesota Corporation has lost nothing, I however, have lost everything.

Pursuant to (28 U.S.C. 1746 (1)): I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, complete and correct. (without U.S.)

All rights reserved without prejudice, without recourse

Sea | By: _____

By, :Thomas-Wayne: of the Family of: Eilertson
All rights reserved without prejudice, without recourse
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

## NOTICE AND CASE LAW

The Federal Fourth Amendment and Article I of the Minnesota Constitution proscribe unreasonable searches and seizures by the government of persons. U.S. Const. Amend. IV; Minn. Const. Art I, § 10. The Fourth Amendment exclusionary rule requires suppression of evidence obtained through illegal means. E.g., Nardone v. U.S., 308 U.S. 338, 60 S.Ct. 266 (1939); State v. Jensen, 349 N.W.2d 317 (Minn. App. 1984). The purpose of the Fourth Amendment exclusionary rule is to deter government agencies from engaging in illegal conduct as a means of obtaining evidence. In Frink, 206 N.W.2d at 674, the Minnesota Supreme Court explained that the Minnesota Privacy of

Communications Act is "designed to give effect to the Fourth Amendment and not to erode it."

An integral component of the Fourth Amendment exclusionary rule is the "Fruit of the Poisonous Tree" doctrine. This doctrine provides that any evidence or "fruit" derived from the illegally obtained evidence must also be excluded. Nardone, 308 U.S. at 340-41. Both Minn. Stat. § 626A.11 and 18 U.S.C. § 2515 have incorporated this doctrine into their evidentiary sanctions by rendering inadmissible all evidence obtained through or resulting from the illegally intercepted communication. In interpreting 18 U.S.C. § 2515, courts have extended the suppression sanction to live testimony of a witness whose identity is discovered through an illegal interception. In Washburn v. State, 310 A.2d 176, 184 (Md. Ct. Spec. App. 1973), the court held that unless the government can establish that the identity of the witness originated from a source independent of the illegal interception, the witness' testimony must be excluded.

Whether or not to suppress evidence obtained in violation of a statute or rule is "a quintessentially judicial issue." State v. Mitjans, 408 N.W.2d 824, 830 (Minn. 1987). Minn. Stat. § 626A.11, subd. 1, specifically requires suppression of evidence obtained by any act of intercepting communications in violation of 626A.02. However, while the exclusion of the recorded cordless telephone conversation is required, the testimony of the student will be suppressed as fruit of the unlawfully intercepted conversation only if the testimony is found not to be independent of, or to have "resulted from", the illegally obtained communication. State v. Fakler, 503 N.W.2d 783, 788 (Minn. 1993).

## VERIFIED NOTICE AFFIDAVIT
## AND ACKNOWLEDGEMENT

1.) Affiant :Thomas-Wayne: states that he has no record or evidence that he does not desire to live in peace and not charge his brothers and sisters however legal and lawful, and believes there is no evidence to the contrary;

2.) Affiant :Thomas-Wayne: states that, I have not voluntarily waived any rights or remedies with respect to this matter I have remained under a state of duress and fear since my kidnapping and involuntary detention on January 4th, 2012. Ever since June 18, 2010 when Daniel Anderson, Saint Paul Police and Agents who refused to identify themselves raided the home we lived in at the point of a gun, and Mr. Anderson's threats of

destruction of property, (threaten to break and enter private conveyance, and destroy printer held in custody). The property was stolen without verified affidavit attached to said warrant, and when asked for it he said, "It was there." "invisible." Daniel Anderson stated he would be in contact with us in two days or to contact him, he refused to communicate or provide signed affidavit to support his said warrant, and no other signed documents were provided.

On July 15th 2010, Saint Paul City Clerk Sheri Moore, Authorized to accept Service for Daniel Anderson and the Saint Paul Police, is evidence by their failure to respond (MN 336.2-206 (1)(a)) in which he and his Principals and Agents agrees this raid was unlawful and a blatant violation of our rights, that no property taken can or will be used against us. : Affidavits served and recorded: 714760, 708221, 2022271.003 and 2011171.004 and copies of refusal of St Paul Police Agents to accept service on June 22nd and June 23rd and the City and County Attorney's Offices refusal of service. However on July 1st, 2010 service was signed for by a Harrington.

Patricia Belois accepted service on June 22nd and has agreed by her failure to respond (MN 336.2-206 (1)(a)) that the raid on June 18, 2010 was all done unlawfully. I have No record or evidence to the contrary;

3.) Affiant :Thomas-Wayne: states that if there be any living man or woman physically harmed by the statements made herein, or harm come to property or rights, or by the totality of this matter, let them come forward and be heard, so that proper restitution may be offered between us in a fair and private forum;

4.) Affiant :Thomas-Wayne: states that I desire to see my family intact for the rest of my life and not see my daughter cry one more tear again because of the issues contained within this document, most notably, two illegal Police raids that have left her afraid of "law enforcement";

5.) Affiant :Thomas-Wayne: states that I do not "under-stand" why alleged charges have been placed against me without lawful verified recorded affidavits, or requisite signature, a clear defect that demands dismissal.

6.) Affiant :Thomas-Wayne: states that, I have no record or evidence that the administrative record has not shown an attempt and an ability to act in honor, with only a clear intent to resolve this matter under the laws available for expeditious discharge with the assistance of those whose job it was by oath, to help find solutions;

**All rights reserved without prejudice, without recourse**

seal  By: _____

By, :Thomas-Wayne: of the Family of: Eilertson
**All rights reserved without prejudice, without recourse**
C/o 7108 Georgia Avenue North
Brooklyn Park, Minnesota [55428]
763-561-0621

State of Minnesota    )

County of Hennepin   )

On this, the ___23rd___ day of January, before me _TODD JUSTIN KNUTSON_ , a Notary Public, personally appeared: _THOMAS-WAYNE: EILERTSON_ who proved to me on the basis of satisfactory evidence to be the man herein stated subscribed to the within instrument and acknowledged before me that he executed said instrument as his freewill act and deed.

I certify under penalty of perjury, under the laws of the State of Minnesota that the foregoing is true and correct.

WITNESS my hand and Official Seal

_____

Notary

My commission expires

**SEAL**

TODD JUSTIN KNUTSON
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2015

Page 9 of 10

## NOTICE:

### The Following:

### EXHIBITS ATTACHED

A. Pro Se Sheet

B. Jurisdictional Challenge and Constructive Notice Document Number: 722959

C. Hale v Henkel

D. Copies of Applicable Minnesota Statutes

Drafted By:
:Thomas-Wayne of the Family of: Eilertson
C/o 7108 Georgia Avenue North,
Brooklyn Park, Minnesota

# EXHIBIT

## A

State of Minnesota
Ramsey County
St. Paul

District Court
Second Judicial District
Court File Number: **62-CR-12-67**

Thomas Wayne Eilertson
7108 Georgia Ave N
Brooklyn Park Mn  55428

**Order to Report**

---

### State of Minnesota vs THOMAS WAYNE EILERTSON

The above matter is scheduled for Omnibus Hearing at the following date, time and location:

Date and time:   **February 16, 2012 at 1:15pm**
Courtroom        102
Location:          Ramsey County Law Enforcement Center
Address:           425 Grove Street
                   St. Paul, Minnesota 55102
                   (651) 266-9696
Judge:             Hon. TBA

TO THE ABOVE-NAMED DEFENDANT:

You are ordered to appear.

Failure to appear for a scheduled court appearance is a criminal offense unless failure to appear is due to circumstances beyond your control.

Failure to appear for a petty misdemeanor court trial constitutes a plea of guilty unless you appear within 10 days and show the failure to appear was due to circumstances beyond your control.

Failure to appear may result in a warrant for your arrest.

Defendant Attorney: Pro se

Dated: **January 19, 2012**

                                   Court Administrator
                                   Ramsey County District Court

# EXHIBIT
## B

Office of the County Recorder
Sherburne County, MN

## Doc. No. **722959**

Certified, filed, and/or recorded on

**11/22/2010  1:10 PM**

Michelle Ashe, County Recorder

By _____ Deputy

Fees: **$56.00**

722959

State of Minnesota
County of Sherburne
Certified to be a true and
correct copy of instrument
#: _____
consisting of _____ pages.
MICHELLE ASHE COUNTY RECORDER

_____Deputy

Above for Recorder Only

After Recording return to:
Blessings of Liberty
3109 West 50th Street #314
Minneapolis, Minnesota [55410

# JURISDICTIONAL CHALLENGE
# AND
# CONSTRUCTIVE NOTICE



To Whom It may Concern:

This Notice shall exist into perpetuity and advise all persons and agencies that **BLESSINGS OF LIBERTY "a Non-Aligned Pure Irrevocable Trust" (A Private Contract Trust) is a private business.** created on October 22, 2008 Private Registration Number: XXX-XXXXXXX, (available upon written request and submission of indemnity bond.) This Constitutional entity is a contractually-created entity by a Declaration of Pure Trust created under and protected by the organic Constitution for the united States of America and the U. S. Constitution

Furthermore I, the sovereign living Man, :Thomas-Wayne: Eilertson., am the General Manager and NOT one of the Trustees of BLESSINGS OF LIBERTY "a Non-Aligned Pure Irrevocable Trust" (A Private Contract Trust). And I, the sovereign living Woman, :Lisa-Joan Connery: Eilertson., am the Alternate General Manager and NOT one of the Trustees of BLESSINGS OF LIBERTY "a Non-Aligned Pure Irrevocable Trust" (A Private Contract Trust).

If any persons or agencies allege that this Constitutional entity has come under some statute, rule or regulation, please put that in writing and sign it in blue wet-ink under your full unlimited commercial liability. Furthermore, please specify under penalty of perjury what jurisdiction your statutory entity has over this Constitutional entity.

In addition, this statement serves as Constructive Notice that this Constitutional entity, in the eyes of the Law, intends to prosecute to the fullest extent of the Law anyone who infringes upon its rights.

BLESSINGS OF LIBERTY "a Non-Aligned Pure Irrevocable Trust" (A Private Contract Trust), Created on October 22, 2008 is not the one and the same as BLESSINGS OF LIBERTY TRUST (A revocable and amendable Family Banking Trust) Created on December 12, 2008, Registration Number: XXXXXXXXX available upon request for necessary Private Organization Identification.

Page 1 of 5

BLESSINGS OF LIBERTY

By: _____   Date: November 22, 2010
:Thomas-Wayne: Eilertson., It's General Manager
Without Prejudice Without Dishonor UCC-1.103
Express reservation of all rights.

By: _____ AHGM Date: November 22, 2010
:Lisa-Joan Connery: Eilertson., It's Alternate General Manager
Without Prejudice Without Dishonor UCC-1.103
Express reservation of all rights.

state of Minnesota
                                    SS:
County of HENNEPIN

We, the undersigned, witness that the above, known to be the above signatories, personally appeared before us and acknowledged that they signed, sealed and delivered the above and foregoing , JUDICIAL CHALLENGE AND CONSTRUCTIVE NOTICE of: BLESSINGS OF LIBERTY, a Non-Aligned Pure Trust ( A Private Contract Trust)

_____          _____
         Witness                          Witness

## JURAT

Subscribed and sworn to before me on this on this ___22___ day of ___November___ , A.D. 2010,  the living Man, :Thomas-Wayne: Eilertson., and living woman, :Lisa-Joan Connery: Eilertson.,  and the men and/or woman witnesses affixing their autograph and seal above, on the basis of satisfactory evidence, WITNESS my hand and Official Seal.

_____
         Notary

My commission expires ___1 - 31 - 2015___

BRETT K. LUNDGREN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

## ATTACHMENT TO JURISDICTIONAL CHALLENGE AND CONSTRUCTIVE NOTICE

"The law provides that once State and Federal jurisdiction has been challenged, it must be proven." Main v. Thiboutot., 100 S Ct. 2502 (1980)

"Where there is absence of proof of jurisdiction, all administration and judicial proceedings are a nullity, and confer no right, offer no protection, and afford no justification, and may be rejected upon strict collateral attack." Thompson v. Tolmie., 2 Pet. 157., 7L. Ed.381. Griffith v. Frazier., 8 Cr. 9., 3 L. Ed 471.

"Once JURISDICTION is challenged, it must be proven." Hagens v. Lavine., 415 U.S. 533 Note 3

Page 2 of 5

"No SANCTIONS can be imposed absent proof of JURISDICTION." <u>Standard v. Olsen., 74 S. Ct.768.</u> <u>TITLE 5 U.S.C., Sec. 556 AND 558 (b)</u>

"The PROPONENT of RULE has the burden of proof" <u>TITLE 5 U.S.C., Sec. 556 (b)</u>

"JURISDICTION can be challenged at any time, even on final determination." <u>Basso v. Utah Power &</u> <u>Light Co., 495 F. 2nd 906 at 910</u>

<u>**NOTICE**</u>
**Any reference to codes or statutes is for your reference only and shall not be construed as submission to any other jurisdiction than that of the Sovereign Creator, or represent the implication or presumption of the acceptance of a benefit by some sort of surety for a "debt".**

# PUBLIC NOTICE
## Debt Disclaimer of Blessings of Liberty, a Non-Aligned Pure Trust
### (A Private Contract Trust)

**Notice** is hereby given this date of filing to all persons, companies or corporations extending credit to, contracting with or having claims against this Pure Trust Organization BLESSINGS OF LIBERTY **"a Non-Aligned Pure Irrevocable Trust"** (A Private Contract Trust) for payment or for settlement of any debt, tort damage, order, judgment or decree, or for any indebtedness which may become payable hereunder: that the Trustee(s), officers or agents are mere Independent Contractors and not personally liable when dealing with the Pure Trust Organization properties or matters.

BLESSINGS OF LIBERTY,

By _____     Date: _November 22, 2010_
:Thomas-Wayne: Eilertson., It's General Manager
Without Prejudice Without Dishonor UCC-1.103
Express reservation of all rights.

By _____     Date: _November 22, 2010_
:Lisa-Joan Connery: Eilertson. Its Alternate General Manager
Without Prejudice Without Dishonor UCC-1.103
Express reservation of all rights.

state of Minnesota
                              SS:
County of _Hennepin_

We, the undersigned, witness that the above, known to be the above signatories, personally appeared before us and acknowledged that they signed, sealed and delivered the above and foregoing : NOTICE OF DEBT DISCLAIMER of BLESSINGS OF LIBERTY, a Non-Aligned Pure Trust ( A Private Contract Trust)

_____          _____
Witness                              Witness

## JURAT
Subscribed and sworn to before me on this on this ___22___ day of
___November___ , A.D. 2010, the living Man, :Thomas-Wayne: Eilertson., and living woman, :Lisa-Joan Connery: Eilertson., and men and/or woman witnesses affixing their autograph and seal above, on the basis of satisfactory evidence, WITNESS my hand and Official Seal.

_____
Notary                                              **SEAL**

My commission expires ___1-31-2015___

**NOTICE**

BRETT K. LUNDGREN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

Page 4 of 5

Any reference to codes or statutes is for your reference only and shall not be construed as submission to any other jurisdiction than that of the Sovereign Creator, or represent the implication or presumption of the acceptance of a benefit by some sort of surety for a "debt".

Drafted By:
BLESSINGS OF LIBERTY
C/o 3109 West 50th Street #314
Minneapolis, Minnesota [55410]

Page 5 of 5

# EXHIBIT

C

# Our Right to Private Contract!

## HALE v. HENKEL. 201 U.S. 43 at 89 (1906)

Hale v. Henkel was decided in 1906 by the united States supreme Court. Since it was the supreme Court, the case is binding on all courts of the land, until another supreme Court case says it isn't. Has another supreme Court case ever overturned Hale v. Henkel?

### NO.

As a matter of fact, since 1906, Hale v. Henkel has been cited by all of the federal and state appellate court systems over 16 hundred times! Remember that in nearly every instance when a case is cited, it has an impact on the precedent authority of the cited case. The more times a case is held up as "the law," the more it becomes cast in granite.

How does that compare with other previously decided supreme Court cases? Initial observations have shown that no other case has surpassed Hale v. Henkel in the number of times it has been cited by the courts. And, *none of the various* issues of this case have *ever* been overruled.

On the persuasive side in Hale v. Henkel it was the united States supreme Court which was speaking the "Law of the Land." How much more persuasive can a case be? The opinion of the court stated:

*"The individual may stand upon his constitutional rights as a Citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to incriminate him.   He owes no duty to the State, since he receives nothing therefrom, beyond the protection of his life and property.*

*"His rights are such as existed by the Law of the Land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution.*

*"He owes nothing to the public so long as he does not trespass upon their rights."*

Hale v. Henkel is based on Article 1 Sec. 10 of the Constitution for the united States of America (several separate 50 states) established in 1787 long before the Federal Corporate U.S. that was established in 1871! Here is part of that Article: (highlighted and underlined for clarity) (definition of State means: The political system of a body of people who are politically organized; the system of rules by which jurisdiction and authority are exercised over such a body of people.) (in America this is the Federal Corporate government and at the 50 States level)

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

# EXHIBIT

## D

## 11 Pages

Exhibit D 1 of 11

# MINNESOTA COURT RULES

## CIVIL PROCEDURE

### Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions

#### 11.01 Signature

Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any, and attorney registration number if signed by an attorney. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party. If authorized by order of the Minnesota Supreme Court, a paper filed, signed, or verified by electronic means in accordance with that order constitutes a signed paper for the purpose of applying these rules.

(Amended effective January 1, 1992; amended effective July 1, 2000; amended effective August 1, 2000; amended effective October 22, 2010.)

##### Advisory Committee Comment - 2010 Amendment

*Rule 11.01 is amended to add the last sentence. This amendment makes it clear that "signing" in accordance with a rule allowing for filing and service by electronic means where authorized by an order of the Minnesota Supreme Court is treated as a signature for the purpose of Rule 11 or other provision in the rules. This amendment is intended to facilitate a pilot project on electronic filing in one or two districts, but is designed*

(6) does not entitle the secured party to enforce the security interest in the promissory note, health-care-insurance receivable, or general intangible.

Sec. 10. Minnesota Statutes 2010, section 336.9-502, is amended to read:

**336.9-502 CONTENTS OF FINANCING STATEMENT; RECORD OF MORTGAGE AS FINANCING STATEMENT; TIME OF FILING FINANCING STATEMENT.**

(a) **Sufficiency of financing statement.** Subject to subsection (b), a financing statement is sufficient only if it:

(1) provides the name of the debtor;

(2) provides the name of the secured party or a representative of the secured party; and

(3) indicates the collateral covered by the financing statement.

(b) **Real property-related financing statements.** Except as otherwise provided in section 336.9-501(b), to be sufficient, a financing statement that covers as-extracted collateral or timber to be cut, or which is filed as a fixture filing and covers goods that are or are to become fixtures, must satisfy subsection (a) and also:

(1) indicate that it covers this type of collateral;

(2) indicate that it is to be filed for record in the real property records;

(3) provide a description of the real property to which the collateral is related sufficient to give constructive notice of a mortgage under the law of this state if the description were contained in a record of the mortgage of the real property; and

(4) if the debtor does not have an interest of record in the real property, provide the name of a record owner.

(c) **Record of mortgage as financing statement.** A record of a mortgage is effective, from the date of recording, as a financing statement filed as a fixture filing or as a financing statement covering as-extracted collateral or timber to be cut only if:

(1) the record indicates the goods or accounts that it covers;

(2) the goods are or are to become fixtures related to the real property described in the record or the collateral is related to the real property described in the record and is as-extracted collateral or timber to be cut;

(3) the record satisfies the requirements for a financing statement in this section ~~other than an indication,~~ but:

(A) the record need not indicate that it is to be filed in the real property records; and

(B) the record sufficiently provides the name of a debtor who is an individual if it provides the individual name of the debtor or the surname and first personal name of the debtor, even if the debtor is an individual to whom section 336.9-503(a)(4) applies; and

(4) the record is recorded in the office of the county recorder or registrar of titles in the county where the real property is located.

(d) **Filing before security agreement or attachment.** A financing statement may be filed before a security agreement is made or a security interest otherwise attaches.

Sec. 11. Minnesota Statutes 2010, section 336.9-503, is amended to read:

**336.9-503 NAME OF DEBTOR AND SECURED PARTY.**

(a) **Sufficiency of debtor's name.** A financing statement sufficiently provides the name of the debtor:

(1) except as otherwise provided in paragraph (3), if the debtor is a registered

organization or the collateral is held in a trust that is a registered organization, only if the financing statement provides the name ~~of the debtor indicated~~ that is stated to be the registered organization's name on the public organic record ~~of~~ most recently filed with or issued or enacted by the ~~debtor's~~ registered organization's jurisdiction of organization which ~~shows the debtor to have been organized~~ purports to state, amend, or restate the registered organization's name;

(2) subject to subsection (f), if the ~~debtor is a decedent's estate~~ collateral is being administered by the personal representative of a decedent, only if the financing statement provides, as the name of the debtor, the name of the decedent and, in a separate part of the financing statement, indicates that the ~~debtor is an estate~~ collateral is being administered by a personal representative;

(3) if the ~~debtor is a trust or a trustee acting with respect to property held in trust, only if the financing statement~~ collateral is held in a trust that is not a registered organization, only if the financing statement:

~~(A) provides the name specified for the trust in its organic documents or, if no name is specified, provides the name of the settlor and additional information sufficient to distinguish the debtor from other trusts having one or more of the same settlors; and~~

~~(B) indicates, in the debtor's name or otherwise, that the debtor is a trust or is a trustee acting with respect to property held in trust; and~~

(A) provides, as the name of the debtor:

(i) if the organic record of the trust specifies a name for the trust, the name specified; or

(ii) if the organic record of the trust does not specify a name for the trust, the name of the settlor or testator; and

(B) in a separate part of the financing statement:

(i) if the name is provided in accordance with subparagraph (A)(i), indicates that the collateral is held in a trust; or

(ii) if the name is provided in accordance with subparagraph (A)(ii), provides additional information sufficient to distinguish the trust from other trusts having one or more of the same settlors or the same testator and indicates that the collateral is held in a trust, unless the additional information so indicates;

(4) subject to subsection (g), if the debtor is an individual to whom this state has issued a driver's license or state identification card that has not expired, only if the financing statement provides the name of the individual which is indicated on the driver's license or state identification card;

(5) if the debtor is an individual to whom paragraph (4) does not apply, only if the financing statement provides the individual name of the debtor or the surname and first personal name of the debtor; and

~~(4)~~ (6) in other cases:

(A) if the debtor has a name, only if ~~it~~ the financing statement provides the ~~individual or~~ organizational name of the debtor; and

(B) if the debtor does not have a name, only if it provides the names of the partners, members, associates, or other persons comprising the debtor, in a manner that each name provided would be sufficient if the person named were the debtor.

(b) **Additional debtor-related information.** A financing statement that provides the name of the debtor in accordance with subsection (a) is not rendered ineffective by the absence of:

(1) a trade name or other name of the debtor; or

(2) unless required under subsection ~~(a)(4)(B)~~ (a)(6)(B), names of partners, members, associates, or other persons comprising the debtor.

(c) **Debtor's trade name insufficient.** A financing statement that provides only the debtor's trade name does not sufficiently provide the name of the debtor.

(d) **Representative capacity.** Failure to indicate the representative capacity of a secured party or representative of a secured party does not affect the sufficiency of a financing statement.

(e) **Multiple debtors and secured parties.** A financing statement may provide the name of more than one debtor and the name of more than one secured party.

(f) **Name of decedent.** The name of the decedent indicated on the order appointing the personal representative of the decedent issued by the court having jurisdiction over the collateral is sufficient as the "name of the decedent" under subsection (a)(2).

(g) **Multiple driver's licenses or state identification cards.** If this state has issued to an individual more than one driver's license or state identification card of a kind described in subsection (a)(4), the one that was issued most recently is the one to which subsection (a)(4) refers.

(h) **Definition.** In this section, the "name of the settlor or testator" means:

(1) if the settlor is a registered organization, the name that is stated to be the settlor's name on the public organic record most recently filed with or issued or enacted by the settlor's jurisdiction of organization which purports to state, amend, or restate the settlor's name; or

(2) in other cases, the name of the settlor or testator indicated in the trust's organic record.

Sec. 12. Minnesota Statutes 2010, section 336.9-507, is amended to read:

**336.9-507 EFFECT OF CERTAIN EVENTS ON EFFECTIVENESS OF FINANCING STATEMENT.**

(a) **Disposition.** A filed financing statement remains effective with respect to collateral that is sold, exchanged, leased, licensed, or otherwise disposed of and in which a security interest or agricultural lien continues, even if the secured party knows of or consents to the disposition.

(b) **Information becoming seriously misleading.** Except as otherwise provided in subsection (c) and section 336.9-508, a financing statement is not rendered ineffective if, after the financing statement is filed, the information provided in the financing statement becomes seriously misleading under section 336.9-506.

(c) **Change in debtor's name.** If ~~a debtor so changes its~~ the name that a filed financing statement provides for a debtor becomes insufficient as the name of the debtor under section 336.9-503(a) so that the financing statement becomes seriously misleading under section 336.9-506:

(1) the financing statement is effective to perfect a security interest in collateral acquired by the debtor before, or within four months after, the ~~change~~ filed financing statement becomes seriously misleading; and

(2) the financing statement is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the ~~change~~ filed financing statement becomes seriously misleading, unless an amendment to the financing statement which renders the financing statement not seriously misleading is filed within four months after

# 2011 Minnesota Statutes

**336.9-501** MS 1998 [Repealed, 2000 c 399 art 1 s 140]
**336.9-501 FILING OFFICE.**

(a) **Filing offices.** Except as otherwise provided in subsection (b), if the local law of this state governs perfection of a security interest or agricultural lien, the office in which to file a financing statement to perfect the security interest or agricultural lien is:

(1) the office designated for the filing or recording of a record of a mortgage on the related real property, if:

(A) the collateral is as-extracted collateral or timber to be cut; or

(B) the financing statement is filed as a fixture filing and the collateral is goods that are or are to become fixtures; or

(2) the central filing system operated by the office of the secretary of state, in all other cases, including a case in which the collateral is goods that are or are to become fixtures and the financing statement is not filed as a fixture filing.

(b) **Filing office for transmitting utilities.** The office in which to file a financing statement to perfect a security interest in collateral, including fixtures, of a transmitting utility is the central filing system operated by the Office of the Secretary of State. The financing statement also constitutes a fixture filing as to the collateral indicated in the financing statement which is or is to become fixtures.

**History:** 2000 c 399 art 1 s 72

# 2011 **Minnesota Statutes**

**336.9-502 MS 1998 [Repealed, 2000 c 399 art 1 s 140]**
**336.9-502 CONTENTS OF FINANCING STATEMENT; RECORD OF MORTGAGE AS FINANCING STATEMENT; TIME OF FILING FINANCING STATEMENT.**

(a) **Sufficiency of financing statement.** Subject to subsection (b), a financing statement is sufficient only if it:

(1) provides the name of the debtor;

(2) provides the name of the secured party or a representative of the secured party; and

(3) indicates the collateral covered by the financing statement.

(b) **Real property-related financing statements.** Except as otherwise provided in section 336.9-501 (b), to be sufficient, a financing statement that covers as-extracted collateral or timber to be cut, or which is filed as a fixture filing and covers goods that are or are to become fixtures, must satisfy subsection (a) and also:

(1) indicate that it covers this type of collateral;

(2) indicate that it is to be filed for record in the real property records;

(3) provide a description of the real property to which the collateral is related sufficient to give constructive notice of a mortgage under the law of this state if the description were contained in a record of the mortgage of the real property; and

(4) if the debtor does not have an interest of record in the real property, provide the name of a record owner.

(c) **Record of mortgage as financing statement.** A record of a mortgage is effective, from the date of recording, as a financing

statement filed as a fixture filing or as a financing statement covering as-extracted collateral or timber to be cut only if:

(1) the record indicates the goods or accounts that it covers;

(2) the goods are or are to become fixtures related to the real property described in the record or the collateral is related to the real property described in the record and is as-extracted collateral or timber to be cut;

(3) the record satisfies the requirements for a financing statement in this section, but:

(A) the record need not indicate that it is to be filed in the real property records; and

(B) the record sufficiently provides the name of a debtor who is an individual if it provides the individual name of the debtor or the surname and first personal name of the debtor, even if the debtor is an individual to whom section 336.9-503 (a)(4) applies; and

(4) the record is recorded in the office of the county recorder or registrar of titles in the county where the real property is located.

(d) **Filing before security agreement or attachment.** A financing statement may be filed before a security agreement is made or a security interest otherwise attaches.

**History:** 2000 c 399 art 1 s 73; *2011 c 31 art 1 s 10,16*

**NOTE:** The amendment to this section by Laws 2011, chapter 31, article 1, section 10, is effective July 1, 2013. Laws 2011, chapter 31, article 1, section 16.

*8 of 11*

# Minnesota Session Laws

Search

Key: (1) ~~language to be deleted~~ (2) new language

## 2011, Regular Session

✻ 336.9-502(d) ✻  UNCHANGED   **CHAPTER 31--S.F.No. 194**

An act

relating to secured transactions; enacting amendments to the Uniform Commercial Code Article 9 adopted by the National Conference of Commissioners on Uniform State Laws; making conforming changes;amending Minnesota Statutes 2010, sections 86B.820, subdivisions 10, 11; 168A.01, subdivisions 18, 19; 336.2A-103; 336.9-105; 336.9-307; 336.9-311; 336.9-316; 336.9-317; 336.9-326; 336.9-406; 336.9-408; 336.9-502; 336.9-503; 336.9-507; 336.9-515; 336.9-516; 336.9-518; 514.963, subdivision 7; 514.965, subdivision 7; proposing coding for new law in Minnesota Statutes, chapter 336.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MINNESOTA:

### ARTICLE 1
### AMENDMENTS TO THE UNIFORM COMMERCIAL CODE ARTICLE 9

Section 1. Minnesota Statutes 2010, section 336.9-102, is amended to read:

**336.9-102 DEFINITIONS AND INDEX OF DEFINITIONS.**

(a) **Definitions.** In this article:

(1) "Accession" means goods that are physically united with other goods in such a manner that the identity of the original goods is not lost.

(2) "Account", except as used in "account for", means a right to payment of a monetary obligation, whether or not earned by performance, (i) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of, (ii) for services rendered or to be rendered, (iii) for a policy of insurance issued or to be issued, (iv) for a secondary obligation incurred or to be incurred, (v) for energy provided or to be provided, (vi) for the use or hire of a vessel under a charter or other contract, (vii) arising out of the use of a credit or charge card or information contained on or for use with the card, or (viii) as winnings in a lottery or other game of chance operated or sponsored by a state, governmental unit of a state, or person licensed or authorized to operate the game by a state or governmental unit of a state. The term includes health-care-insurance receivables. The term does not include (i) rights to payment evidenced by chattel paper or an instrument, (ii) commercial tort claims, (iii) deposit accounts, (iv) investment property, (v) letter of credit rights or letters of credit, or (vi) rights to payment for money or funds advanced or sold, other than rights arising out of the use of a credit or charge card or information contained on or for use with the card.

(3) "Account debtor" means a person obligated on an account, chattel paper, or general intangible. The term does not include persons obligated to pay a negotiable instrument, even if the instrument constitutes part of chattel paper.

(4) "Accounting", except as used in "accounting for", means a record:

(A) authenticated by a secured party;

(B) indicating the aggregate unpaid secured obligations as of a date not more than 35

# 2011 Minnesota Statutes

### 507.29 AFFIDAVITS AS EVIDENCE.

Any affidavit relating to the identification, the marital status or relation, the relation as to service in the armed forces of the United States, the death, or the time of death, of any person who is a party to any instrument affecting the title to real estate, or an affidavit relating to the identification of any corporation or other legal entity which is a party to any instrument affecting the title to real estate, duly sworn to before any officer or person authorized to administer an oath under the laws of this state, shall be recordable in the office of the county recorder where such instrument is recorded.

Any such affidavit so recorded, or a certified copy thereof, is admissible as evidence in any action involving the instrument to which it relates or the title to the real estate affected by such instrument and is prima facie evidence of the facts stated therein.

**History:** *(8221-1, 8221-2)* 1931 c 209 s 1,2; 1949 c 276 s 1; 1965 c 773 s 1; 1976 c 181 s 2

Sec. 7. Minnesota Statutes 2010, section 336.9-326, is amended to read:

**336.9-326 PRIORITY OF SECURITY INTERESTS CREATED BY NEW DEBTOR.**

(a) **Subordination of security interest created by new debtor.** Subject to subsection (b), a security interest that is created by a new debtor which is in collateral in which the new debtor has or acquires rights and is perfected solely by a filed financing statement that is effective solely under section 336.9-508 in collateral in which a new debtor has or acquires rights would be ineffective to perfect the security interest but for the application of section 336.9-316(i)(1) or 336.9-508 is subordinate to a security interest in the same collateral which is perfected other than by such a filed financing statement that is effective solely under section 336.9-508.

(b) **Priority under other provisions; multiple original debtors.** The other provisions of this part determine the priority among conflicting security interests in the same collateral perfected by filed financing statements that are effective solely under section 336.9-508 described in subsection (a). However, if the security agreements to which a new debtor became bound as debtor were not entered into by the same original debtor, the conflicting security interests rank according to priority in time of the new debtor's having become bound.

Sec. 8. Minnesota Statutes 2010, section 336.9-406, is amended to read:

**336.9-406 DISCHARGE OF ACCOUNT DEBTOR; NOTIFICATION OF ASSIGNMENT; IDENTIFICATION AND PROOF OF ASSIGNMENT; RESTRICTIONS ON ASSIGNMENT OF ACCOUNTS, CHATTEL PAPER, PAYMENT INTANGIBLES, AND PROMISSORY NOTES INEFFECTIVE.**

(a) **Discharge of account debtor; effect of notification.** Subject to subsections (b) through (i), an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

(b) **When notification ineffective.** Subject to subsection (h), notification is ineffective under subsection (a):

(1) if it does not reasonably identify the rights assigned;

(2) to the extent that an agreement between an account debtor and a seller of a payment intangible limits the account debtor's duty to pay a person other than the seller and the limitation is effective under law other than this article; or

(3) at the option of an account debtor, if the notification notifies the account debtor to make less than the full amount of any installment or other periodic payment to the assignee, even if:

(A) only a portion of the account, chattel paper, or payment intangible has been assigned to that assignee;

(B) a portion has been assigned to another assignee; or

(C) the account debtor knows that the assignment to that assignee is limited.

(c) **Proof of assignment.** Subject to subsection (h), if requested by the account debtor, an assignee shall seasonably furnish reasonable proof that the assignment has been

made. Unless the assignee complies, the account debtor may discharge its obligation by paying the assignor, even if the account debtor has received a notification under subsection (a).

(d) Term restricting assignment generally ineffective. Except as otherwise provided in subsection (e) and sections 336.2A-303 and 336.9-407, and subject to subsection (h), a term in an agreement between an account debtor and an assignor or in a promissory note is ineffective to the extent that it:

(1) prohibits, restricts, or requires the consent of the account debtor or person obligated on the promissory note to the assignment or transfer of, or the creation, attachment, perfection, or enforcement of a security interest in, the account, chattel paper, payment intangible, or promissory note; or

(2) provides that the assignment or transfer or the creation, attachment, perfection, or enforcement of the security interest may give rise to a default, breach, right of recoupment, claim, defense, termination, right of termination, or remedy under the account, chattel paper, payment intangible, or promissory note.

(e) Inapplicability of subsection (d) to certain sales. Subsection (d) does not apply to the sale of a payment intangible or promissory note, other than a sale pursuant to a disposition under section 336.9-610 or an acceptance of collateral under section 336.9-620.

(f) Legal restrictions on assignment generally ineffective. Except as otherwise provided in sections 336.2A-303 and 336.9-407, and subject to subsections (h) and (i), a rule of law, statute, or regulation, that prohibits, restricts, or requires the consent of a government, governmental body or official, or account debtor to the assignment or transfer of, or creation of a security interest in, an account or chattel paper is ineffective to the extent that the rule of law, statute, or regulation:

(1) prohibits, restricts, or requires the consent of the government, governmental body or official, or account debtor to the assignment or transfer of, or the creation, attachment, perfection, or enforcement of a security interest in, the account or chattel paper; or

(2) provides that the assignment or transfer or the creation, attachment, perfection, or enforcement of the security interest may give rise to a default, breach, right of recoupment, claim, defense, termination, right of termination, or remedy under the account or chattel paper.

(g) Subsection (b)(3) not waivable. Subject to subsection (h), an account debtor may not waive or vary its option under subsection (b)(3).

(h) Rule for individual under other law. This section is subject to law other than this article which establishes a different rule for an account debtor who is an individual and who incurred the obligation primarily for personal, family, or household purposes.

(i) Inapplicability to health-care-insurance receivable. This section does not apply to an assignment of a health-care-insurance receivable.

Sec. 9. Minnesota Statutes 2010, section 336.9-408, is amended to read:

**336.9-408 RESTRICTIONS ON ASSIGNMENT OF PROMISSORY NOTES, HEALTH-CARE-INSURANCE RECEIVABLES, AND CERTAIN GENERAL INTANGIBLES INEFFECTIVE.**

(a) Term restricting assignment generally ineffective. Except as otherwise provided in subsection (b), a term in a promissory note or in an agreement between an account debtor and a debtor which relates to a health-care-insurance receivable or a general intangible, including a contract, permit, license, or franchise, and which term

**Notice:**

**Additional Proof of Service and Acceptance**

State of Minnesota | | District Court

| County | |
| --- | --- |
| | Ramsey |

~~In Re the Marriage of:~~

STATE OF MINNESOTA

| Judicial District: | Second |
| --- | --- |
| Court File Number: | 62-CR-12-67 |
| Case Type: | Criminal |

FILED
2012 JAN 25  PM 2: 52
RAMSEY DISTRICT COURT

Plaintiff / Petitioner

vs / and

Thomas Wayne Eilertson

Defendant / Respondent

Pro se (see: Order 1-19-2012)
Intervenor

☐ **Affidavit of Personal Service**
☒ **Affidavit of Service By Mail**
   Certified

STATE OF MINNESOTA ⟩
COUNTY OF Hennepin ⟩ SS
         (County where Affidavit Signed)

I, Kimberly Ann Phillips _____, being duly sworn, upon oath, state that on
   (Name of person who hand-delivered or _mailed_ documents)
January 25, 2012 _____, I served the attached documents, namely Verified Answer to Complaint
(Date)                                                      (Title of Documents hand delivered or mailed)
upon (check one):

○ Plaintiff / Petitioner (Name) _____

○ Defendant / Respondent (Name) _____

◉ County Attorney's Office (Name)  John Ristad, John J Choi, Ramsey County Attorney

○ Other (Name) _____

by (check method of service used):

☐ Personally handing a true and correct copy of the document(s) to the person(s) named above at _____ o'clock
   ___.m. at _____
   (a.m. or p.m.)       (Address where documents delivered)

☑ Mailing a true and correct copy of the document(s) to the person(s) named above by placing the document(s) in
   an envelope with sufficient postage in the United States mail at the Post Office located in the City of _____
   Osseo _____, State of _Minnesota_____, at the person's last known address of:
   50 West Kellogg Blvd., #315, St Paul, Minnesota 55102-1553
   Certified Mail:  7011 1570 0002 2629 5385

Dated: January 25, 2012

_Kimberly Ann Phillips_
Signature ( Sign only in presence of Notary or Court Deputy)

Print Name: Kimberly Ann Phillips

Address: 1651 113th Ave N.W. #346

City/State/Zip: Coon Rapids, MN 55433

Telephone: 612-747-0245

KARA MARIE BREEZEE
Notary Public-Minnesota
My commission Expires Jan 31, 2014

Subscribed and sworn to before me this
25th day of January 2012

_Kara Marie Bree_
Notary Public/ Deputy Court Administrator

English     Customer     USPS                                    Register / Sign In
Service     Mobile

**USPS.COM**                                    Search USPS.com or Track Pa

Quick Tools        Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70111570000226295385 | Priority Mail® | Delivered | January 26, 2012, 10:43 am | SAINT PAUL, MN 55102 | **Expected Delivery By:** January 26, 2012 Certified Mail™ Return Receipt |
| | | Dispatched to Sort Facility | January 25, 2012, 5:53 pm | OSSEO, MN 55369 | |
| | | Acceptance | January 25, 2012, 12:10 pm | OSSEO, MN 55369 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

**LEGAL**          **ON USPS.COM**          **ON ABOUT.USPS.COM**          **OTHER USPS SITES**
Privacy Policy ›    Government Services ›    About USPS Home ›                              r Gateway ›
Terms of
FOIA ›
No FEAR    ▪ SENDER: COMPLETE THIS SECTION          ▪ COMPLETE THIS SECTION ON DELIVERY

■ Complete items 1, 2, and 3. Also complete    A. Signature
  item 4 if Restricted Delivery is desired.                                    ☒ Agent
Copyright ■ Print your name and address on the reverse   X _____         ☐ Addressee
  so that we can return the card to you.         B. Received by ( Printed Name)    C. Date of Delivery
■ Attach this card to the back of the mailpiece,  Angela Hersberger    1-26-12
  or on the front if space permits.              D. Is delivery address different from item 1? ☐ Yes
                                                  If YES, enter delivery address below:  ☐ No
1. Article Addressed to:

   Ramsey County Attorney's office
   John Choi / John Ristad
   50 West Kellogg Blvd #315
   St Paul, Minnesota
            55102-1553

                                                  3. Service Type
                                                  ☒ Certified Mail   ☐ Express Mail
                                                  ☐ Registered       ☐ Return Receipt for Merchandise
                                                  ☐ Insured Mail     ☐ C.O.D.
                                                  4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number        7011 1570 0002 2629 5385
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt                    102595-02-M-1540

https://tools.usps.com/go/TrackConfirmAction.action          1/26/2012

```
              OSSEO MAIN PO
             OSSEO, Minnesota
                 553699906
              2663650369 -0099
01/25/2012   (763)425-0417      12:13:36 PM
```

```
                Sales Receipt
Product           Sale Unit        Final
Description        Qty  Price       Price

SAINT PAUL MN 55102                 $5.15
Zone-1 Priority Mail
Flat Rate Env
6.70 oz.
Expected Delivery: Thu 01/26/12
Return Rcpt (Green Card)            $2.35
Certified                           $2.95
Label #:
            7011157000226295385
                                  ==========
Issue PVI:                         $10.45


Total:                             $10.45

Paid by:
Personal Check                     $10.45
```

Order stamps at usps.com/shop or call
1-800-Stamp24.  Go to usps.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
*********************************************
*********************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxus.
*********************************************
*********************************************

Bill#: 1000101118189
Clerk: 08

    All sales final on stamps and postage
    Refunds for guaranteed services only
         Thank you for your business
*********************************************
*********************************************
        HELP US SERVE YOU BETTER

    Go to: https://postalexperience.com/Pos

       TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

           YOUR OPINION COUNTS
*********************************************
*********************************************


              Customer Copy

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

SAINT PAUL MN 55102

| | | |
|---|---|---|
| Postage | $ | $5.15 | 0369 |
| Certified Fee | $2.95 | 96 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.35 | | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | | 01/25/2012 |
| Total Postage & Fees | $ | $10.45 | |

Sent To  JOHN CHOI (JOHN RISTAD  County Attorney's Office

Street, Apt. No.
or PO Box No.  50 West Kellogg Blvd. #315

City, State, ZIP+4  St Paul, Minnesota 55102-1553

7011 1570 0002 2629 5385

PS Form 3800, August 2005                See Reverse for Instructions

---

Kara M. Breezee
*Assistant Vice President*
*Loan Administrator*

 **Premier Banks**

301 Central Avenue
Osseo, Minnesota 55369

Office: 763-493-3456
Fax: 763-493-3567
kbreezee@premierbanks.com

MAPLEWOOD • OSSEO • ROSEVILLE • WHITE BEAR LAKE
BLAINE WALMART® • WOODBURY WALMART® • FARGO
**www.premierbanks.com**

