UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,

       Plaintiff,

v.                                                                      No. 12-cr-37 (JNE)
                                                                      ORDER

Thomas Wayne Eilertson and
Lisa Joan Connery Eilertson,

       Defendants.

       Defendants Thomas Eilertson and Lisa Eilertson were charged in Minnesota state court with 47 counts of Fraudulent or Improper Financing Statement – Invalid Lien or Security Agreement in violation of various sub-sections Minnesota Statute § 609.7475 and Minnesota Statute § 609.05.1. Defendants have filed a notice of removal of this state criminal prosecution to federal court under 28 U.S.C. § 1446(a). The removal statues were amended effective December 7, 2011, and 28 U.S.C. § 1446 now only pertains to civil actions. *See* 28 U.S.C. §§ 1441 through 1455. Thus, the Court considers this action under 28 U.S.C. § 1455(a) which is substantively the same as the statute cited by Defendants.

       Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." Having examined Defendants' notice of removal and attached exhibits, the Court determines that summary remand is required.

       In order for a defendant to remove a criminal prosecution from a state court, he or she must file a notice of removal that contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon him or her in the state

court proceeding. 28 U.S.C. § 1455(a).[1] Defendants claim grounds for removal under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Amendments to the United States Constitution. Defendants also allege grounds for removal based on national banking regulations codified at 12 U.S.C. § 95 and 12 U.S.C. § 95a and under 28 U.S.C. § 1652. Finally, Defendants claim general civil rights violations and retaliation for acting as whistleblowers.

In order to remove a state criminal prosecution there must be a basis under 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443. *Solors v. Warta*, No. 08-5923, 2009 WL 1010626, at *5 (D. Minn. 2009); *Iowa v. Johnson,* 976 F. Supp. 812, 816 (N.D. Iowa 1997). Although Defendants do not specifically mention any of these statutes, the Court will consider Defendants notice of removal under each. Defendants make no allegations that they are Federal officers; are property holders whose title is derived from any Federal officer, where the prosecution would affect the validity of any United States law; are officers of a United States Court; or are members of Congress; as to whom 28 U.S.C. § 1442 might apply. Likewise, Defendants do not allege that they are members of the United States armed forces, as would be required in order to fall within the provisions of 28 U.S.C. § 1442a. Thus, removal of Defendants' criminal prosecution under § 1442 or § 1442a is inappropriate.

28 U.S.C. § 1443(1) permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The United States Supreme Court has interpreted § 1443 very narrowly

---

[1] A notice of removal must be filed within 30 days of the state court arraignment or before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). No official documentation providing the date of the arraignment was filed in this case. But the Court assumes, for the purposes of this action, that the arraignment occurred on January 5, 2012—the date on Defendants' Order of Conditional Release. Defendants filed their notice of removal on February 2, 2012, and thus it is considered timely.

requiring that the right allegedly denied arise under a "federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). "That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1)." *Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). In addition to a right based in racial equality, a defendant asserting removal under § 1443 must not be able to enforce the specified federal rights in state court. *Id.* ("This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, . . ." (quotations and citation omitted)). Although Defendants assert violations of their civil rights, they do not specify racial equality as the basis for these alleged violations. Defendants allege violations of numerous Amendments to the United States Constitution. But constitutional provisions of "general applicability" do not satisfy removal requirements under § 1443. *Id.* Defendants claims of retaliation due to acting as whistleblowers are not based on racial equality and are enforceable in state court. Thus, Defendants' criminal prosecution does not qualify for removal to federal court under § 1443.

Lastly, Defendants' assertion of removal based on 12 U.S.C. § 95, 12 U.S.C. § 95a, and under 28 U.S.C. § 1652 are similarly without merit. The banking regulations do not create a basis for removal of a state criminal prosecution. *See* 12 U.S.C. § 95; 12 U.S.C. § 95a. And 28 U.S.C. § 1652 addresses rules of decision in civil actions not criminal prosecutions.

Based on the files and records herein, and for the reasons stated above, IT IS ORDERED THAT this case is REMANDED to the Minnesota District Court, Second Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 2, 2012

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge